Laura L. Franklin (SBN 282642)
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
lfranklin@mybackwages.com

*Counsel for Ravenell & the Straight Time Employees*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

**KANYA RAVENELL**, Individually and for Others Similarly Situated,

Plaintiff,

v.

**SHIMMICK CONSTRUCTION COMPANY, INC., and DOES 1-10,**

Defendant.

**Case No. ________________**

**ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF:**

(1) Failure to Pay Overtime Under the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*);

(2) Failure to Pay Overtime Under the New Jersey Wage and Hour Law (N.J.S.A. 34:11-56a, *et seq.*).

**DEMAND FOR JURY TRIAL**

## SUMMARY

1. Kanya Ravenell ("Ravenell") brings this class and collective action to recover unpaid wages and other damages from Shimmick Construction Company, Inc., ("Shimmick").

2. Shimmick employed Ravenell as one of its Straight Time Employees (defined below).

3. Shimmick pays Ravenell and the other Straight Time Employees by the hour.

4. The Straight Time Employees regularly work more than 40 hours a week.

5. But Shimmick does not pay Ravenell and the other Straight Time Employees overtime wages.

6. Instead, Shimmick pays Ravenell and the other Straight Time Employees the same hourly rate for all hours worked, including those hours worked after 40 in a workweek (Shimmick's "straight time for overtime pay scheme").

7. Indeed, Shimmick uniformly misclassified Ravenell and its other Straight Time Employees as exempt from overtime.

8. But Shimmick never paid Ravenell and its other Straight Time Employees on a "salary basis" as would be required for any relevant overtime exemption Shimmick might claim with respect to these employees.

9. Shimmick's straight time for overtime pay scheme violates the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law, as amended by the New Jersey Wage Theft Act ("NJWHL"), by depriving Ravenell and the other Straight Time Employees of the overtime premium wages they are owed for hours worked over 40 in a workweek.

## JURISDICTION & VENUE

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

11. This Court has supplemental jurisdiction over the state-law subclass claims because they arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

12. This Court has personal jurisdiction over Shimmick because it maintains its principal place of business in Irvine, California.

13. Venue is proper because Shimmick maintains its principal place of business in Orange County, California, which is in this district and division. 28 U.S.C. § 1391(b)(1).

## PARTIES

14. Shimmick has employed Ravenell as a controller and special project manager in New Jersey since approximately November 2013.

15. Throughout her employment, Shimmick has paid her according to its straight time for overtime pay scheme.

16. Ravenell's written consent is attached as **Exhibit 1**.

17. Shimmick likewise subjects the other Straight Time Employees to its straight time for overtime pay scheme.

18. The putative collective of similarly situated employees is defined as:

> **All hourly employees Shimmick paid under its straight time for overtime pay scheme at any time during the past 3 years through final resolution of this action (the "FLSA Collective Members").**

19. Ravenell also seeks to represent a class under the NJWHL pursuant to FED. R. CIV. P. 23.

20. The putative New Jersey class of similarly situated employees is defined as:

> **All hourly employees Shimmick paid under its straight time for overtime pay scheme, while working in New Jersey, at any time during the past 6 years through final resolution of this action ("New Jersey Class Members").**

21. The FLSA Collective Members and the New Jersey Class Members are

collectively referred to as the "Straight Time Employees."

22. Shimmick is a California corporation headquartered in Irvine, California.

23. Shimmick may be served with process by serving its registered agent: **CSC Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N Sacramento, California 95833**.

## FLSA Coverage

24. At all relevant times, Shimmick was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

25. At all relevant times, Shimmick was an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

26. At all relevant times, Shimmick was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as phones, computers, and personal protective equipment, etc.—that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

27. At all relevant times, Shimmick has had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

28. At all relevant times, the Straight Time Employees were Shimmick's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

29. At all relevant times, the Straight Time Employees were engaged in commerce or in the production of goods for commerce.

## Facts

30. Shimmick touts itself "[a]s a nationally recognized leader in infrastructure solutions . . . [operating in] select markets nationwide while maintaining a strong presence in [its] core Western United States region."[1]

---

[1] https://www.shimmick.com/about-shimmick/ (last visited June 17, 2025).

31. To meet its business objectives, Shimmick employs workers such as Ravenell and the other Straight Time Employees to provide infrastructure services to its clients.

32. Shimmick pays Ravenell and its other Straight Time Employees by the hour.

33. Ravenell and the other Straight Time Employees regularly work more than 40 hours a workweek.

34. But Shimmick does not pay Ravenell and the other Straight Time Employees premium overtime wages.

35. Instead, Shimmick pays Ravenell and its other Straight Time Employees the same hourly rate for all hours worked, including hours worked after 40 in a workweek.

36. For example, Ravenell has worked for Shimmick as a Controller and Special Project Manager in New Jersey since approximately November 2013.

37. As a Controller and Special Project Manager, Ravenell's primary job duties include transportation planning, creating schedules and database timetables, and conducting operator outage runs.

38. Ravenell is Shimmick's hourly employee.

39. Specifically, Shimmick pays Ravenell approximately $44.09 an hour.

40. Ravenell reports her "on the clock" hours worked to Shimmick.

41. Ravenell regularly works more than 40 hours a week.

42. In fact, Ravenell typically works 10 to 12 hours a day for 7 days a week (70 to 84 hours a workweek).

43. Despite knowing Ravenell regularly works overtime, Shimmick does not pay her overtime wages for the hours she works in excess of 40 in a workweek.

44. Instead, Shimmick pays her under its straight time for overtime pay scheme.

45. For example, during the two-week pay period ending on April 25, 2025, Ravenell worked 142 total hours and 62 overtime hours.

46. But Shimmick paid Ravenell at the same hourly rate ($44.09) for all 142 hours she worked that pay period—including her 62 hours of overtime:

| TAXABLE EARNINGS AND BENEFITS | | | | |
|---|---|---|---|---|
| DESCRIPTION | HOURS | RATE | CURRENT | Y-T-D |
| Regular Hours | 80 | 44.090 | 3,527.20 | 31,744.80 |
| ST OT | 62 | 44.090 | 2,733.58 | 24,866.76 |
| NON-TAXABLE EARNINGS | | | | |
| CURRENT EARNINGS | | | | $6,260.80 |
| YTD EARNINGS | | | | $56,611.56 |

| TAXES | | |
|---|---|---|
| DESCRIPTION | CURRENT | Y-T-D |
| SDI Employee NJ | 14.40 | 130.21 |
| SUTA - Employee NJ | 0.00 | 184.02 |
| State Fam Ins EE NJ | 20.66 | 186.82 |
| State WH NJ | 266.33 | 2,310.63 |
| Federal Withhold | 1,029.24 | 9,011.04 |
| Medicare EE | 87.17 | 788.37 |
| Soc Security EE | 372.73 | 3,370.94 |
| CURRENT TAXES | | $1,790.53 |
| YTD TAXES | | $15,982.03 |

47. Rather than receiving 1.5 times her regular rate of pay for each hour of overtime she worked, Ravenell receives the same $44.09 hourly rate for all hours worked, including overtime hours.

48. Shimmick pays its other Straight Time Employees according to the same or similar straight time for overtime pay scheme it imposes on Ravenell.

49. Like Ravenell, Shimmick pays its other Straight Time Employees by the hour.

50. Like Ravenell, Shimmick requires its other Straight Time Employees to report their "on the clock" hours worked to Shimmick.

51. Thus, just as Shimmick maintains records of the hours Ravenell reported working, it also maintains records of the hours the other Straight Time Employees reported working each week.

52. Shimmick's records show the Straight Time Employees regularly work more than 40 hours a workweek.

53. Every Straight Time Employee worked more than 40 hours in at least one workweek during the relevant period(s).

54. Indeed, like Ravenell, the Straight Time Employees typically work approximately 10 to 12 hours a day for 7 days a week (70 to 84 hours a workweek).

55. Despite knowing the Straight Time Employees regularly work in excess of 40 hours a workweek, Shimmick does not pay them premium overtime wages.

56. Instead, Shimmick pays its Straight Time Employees the same hourly rate for all hours worked, including those worked after 40 in a workweek, in willful violation of the FLSA and NJWHL.

57. Shimmick has never paid Ravenell and its other Straight Time Employees on a "salary basis."

58. Shimmick does not pay Ravenell and its other Straight Time Employees a guaranteed sum on a weekly or less frequent basis that is not subject to reduction based on the quality or quantity of work.

59. Rather, any alleged "salary" Shimmick purports to pay Ravenell and the other Straight Time Employees is subject to reduction—and is in fact reduced—based on the quality or quantity worked.

60. Ravenell and the other Straight Time Employees are only paid for the hours they work.

61. But even if Shimmick had paid Ravenell and the other Straight Time Employees a guaranteed weekly salary (it did not), the "salary" would not bear a "reasonable relationship" to their actual weekly earnings. *See* 29 C.F.R. § 541.604(b).

62. Thus, Shimmick never paid Ravenell and the other Straight Time Employees on a "salary basis." *See Helix Energy Sols. Grp., Inc. v. Hewitt*, 598 U.S. 39, 55-57 (2023); *see also* 29 C.F.R. § 541.604.

63. Indeed, Shimmick only pays them for the hours they actually worked.

64. Because Shimmick fails to pay Ravenell and its other Straight Time Employees on a "salary basis," these workers are non-exempt employees entitled to premium overtime wages.

65. But Shimmick does not pay Ravenell and its other Straight Time Employees premium overtime wages when they work more than 40 hours in a workweek.

66. Instead, Shimmick pays Ravenell and its other Straight Time Employees under its uniform, illegal straight time for overtime pay scheme, in willful violation of the FLSA and NJWHL.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

67. Ravenell brings her New Jersey state law claims as a class action pursuant to FED. R. CIV. P. 23 and brings her FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b).

68. Like Ravenell, the other Straight Time Employees are victimized by Shimmick's straight time for overtime pay scheme.

69. Other Straight Time Employees worked with Ravenell and indicated they were paid in the same manner, performed similar work, and were subject to Shimmick's same illegal straight time for overtime pay scheme.

70. Based on her experience with Shimmick, Ravenell is aware Shimmick's straight time for overtime pay scheme was imposed on other Straight Time Employees.

71. The Straight Time Employees in New Jersey are so numerous that joinder of them all in one lawsuit would be impracticable.

72. Shimmick employed dozens of Straight Time Employees in New Jersey.

73. The Straight Time Employees are known to Shimmick and can be readily identified through Shimmick's business and personnel records.

74. The Straight Time Employees are similarly situated in the most relevant

respects.

75. Even if their precise job titles, and locations might vary, these differences do not matter for the purpose of determining their entitlement to overtime wages.

76. Any relevant exemption defenses would require Shimmick to pay the Straight Time Employees on a "salary basis."

77. Because Shimmick fails the "salary basis" test with respect to the Straight Time Employees, the specific job duties performed by those employees are largely irrelevant.

78. Therefore, the specific job titles or precise job locations of the Straight Time Employees do not prevent class or collective treatment.

79. Rather, Shimmick's straight time for overtime pay scheme renders Ravenell and the other Straight Time Employees similarly situated for the purpose of determining their right to overtime pay.

80. Shimmick's records reflect the number of hours Ravenell and the other Straight Time Employees recorded working each week.

81. Shimmick's records also show it paid Ravenell and the other Straight Time Employees "straight time," instead of "time and a half," for their overtime hours.

82. The back wages owed to Ravenell and the other Straight Time Employees can therefore be calculated using the same formula applied to the same records.

83. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Shimmick's records, and there is no detraction from the common nucleus of liability facts.

84. Therefore, the issue of damages does not preclude class or collective treatment.

85. Ravenell's experiences are therefore typical of the experiences of the other Straight Time Employees.

86. Ravenell has no interest contrary to, or in conflict with, the Straight Time Employees that would prevent class or collective treatment.

87. Like each Straight Time Employee, Ravenell has an interest in obtaining the unpaid wages owed under federal and New Jersey law.

88. Ravenell and her counsel will fairly and adequately protect the interests of the Straight Time Employees.

89. Indeed, Ravenell retained counsel with significant experience in handling complex class and collective actions.

90. A class and collective action is superior to other available means for fair and efficient adjudication of this lawsuit.

91. Absent this class and collective action, many Straight Time Employees will not obtain redress for their injuries, and Shimmick will reap the unjust benefits of violating the FLSA and NJWHL.

92. Further, even if some of the Straight Time Employees could afford individual litigation, it would be unduly burdensome to the judicial system.

93. Indeed, the multiplicity of actions would create hardship to the Straight Time Employees, to the Court, and to Shimmick.

94. Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Straight Time Employees' claims.

95. The questions of law and fact that are common to each Straight Time Employee predominate over any questions affecting solely the individual members.

96. The common questions of law and fact include:

a. Whether pay the Straight Time Employees are non-exempt employees entitled to overtime wages;

b. Whether Shimmick's straight time for overtime pay scheme satisfies the "salary basis" test;

c. Whether Shimmick's straight time for overtime pay scheme deprived the Straight Time Employees of premium overtime wages they are owed under the FLSA and NJWHL;

d. Whether Shimmick's decision to misclassify the Straight Time Employees as exempt from overtime was made in good faith;

e. Whether Shimmick's decision not to pay the Straight Time Employees overtime wages was made in good faith;

f. Whether Shimmick's violations were willful.

97. Ravenell knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

98. As part of its regular business practices, Shimmick intentionally, willfully, and repeatedly violated the FLSA and NJWHL with respect to the Straight Time Employees.

99. There are many similarly situated Straight Time Employees who have been denied overtime pay in violation of the FLSA, who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

100. The Straight Time Employees are known to Shimmick, are readily identifiable, and can be located through Shimmick's business and personnel records.

**SHIMMICK'S VIOLATIONS WERE WILLFUL**

101. Shimmick knew it was subject to the FLSA's and NJWHL's respective overtime provisions.

102. Shimmick knew the FLSA and NJWHL required it to pay non-exempt employees, including the Straight Time Employees, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek.

103. Shimmick knew Ravenell and each Straight Time Employee worked more than 40 hours in at least one workweek during the relevant period because it required these workers to report their hours worked to Shimmick.

104. Shimmick knew the Straight Time Employees were its hourly employees.

105. Shimmick knew it paid the Straight Time Employees by the hour.

106. Shimmick knew it paid Ravenell and the Straight Time Employees straight time for overtime.

107. Shimmick knew it did not pay Ravenell and its other Straight Time Employees on a "salary basis."

108. Shimmick knew it did not pay Ravenell and its other Straight Time Employees any guaranteed sum on a weekly or less frequent basis that was not subject to reduction based on the quantity or quality of work.

109. Shimmick knew that any purported weekly base "salary" it claims to have paid Ravenell and its other Straight Time Employees was not "reasonably related" to their actual weekly earnings.

110. Shimmick knew its straight time for overtime pay scheme did not satisfy the "salary basis" test.

111. Shimmick knew it needed to pass the "salary basis" test to qualify for any exemption(s) it may claim with respect to Ravenell and the other Straight Time Employees.

112. Nonetheless, Shimmick uniformly misclassified Ravenell and the other Straight Time Employees as exempt and refused to pay them overtime wages.

113. Shimmick's decision to misclassify Ravnell and its other Straight Time Employees overtime wages was neither reasonable, nor was its decision not to pay these non-exempt employees overtime wages made in good faith.

114. Shimmick's failure to pay Ravnell and its other Straight Time Employees overtime wages was neither reasonable, nor was its decision not to pay these non-exempt employees overtime wages made in good faith.

115. Shimmick knew, should have known, or showed reckless disregard for whether its conduct described in this complaint violated the FLSA and NJWHL.

116. Shimmick knowingly, willfully, and/or in reckless disregard carried out its illegal straight time for overtime scheme that deprived Ravenell and the other Straight Time Employees of premium overtime wages in violation of the FLSA and NJWHL.

117. Indeed, Shimmick has previously been sued for violating the FLSA and New Jersey law by imposing the same or similar straight time for overtime pay scheme on employees. *See e.g.*, *Bulger v. Shimmick Construction Company, Inc.*, Case No. 8:22-cv-01756-CJC-DFM (C.D. Cal.).

## COUNT I

## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA PURSUANT TO 29 U.S.C § 216 (FLSA COLLECTIVE)

118. Ravenell brings her FLSA claims on behalf of herself and the other FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

119. Shimmick violated, and is violating, the FLSA by employing non-exempt employees (Ravenell and the other FLSA Collective Members) in a covered enterprise for workweeks longer than 40 hours without paying such employees overtime wages at rates not less than 1.5 times their regular rates of pay for the hours they worked after 40 in a workweek.

120. Shimmick's unlawful conduct harmed Ravenell and the other FLSA Collective Members by depriving them of the overtime wages they are owed.

121. Accordingly, Shimmick owes Ravenell and the other FLSA Collective Members the difference between the rate actually paid and the overtime wages actually earned.

122. Because Shimmick knew, or showed reckless disregard for whether, its straight time for overtime pay scheme violated the FLSA, Shimmick owes these wages for at least the past 3 years.

123. Shimmick is also liable to Ravenell and the other FLSA Collective Members for an additional amount equal to all their unpaid wages as liquidated damages.

124. Finally, Ravenell and the other FLSA Collective Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## Count II

## Failure to Pay Overtime Wages Under the NJWHL

## (New Jersey Class)

125. Ravenell brings her NJWHL claim on behalf of herself and the other Straight Time Employees pursuant to FED. R. CIV. P. 23.

126. Shimmick's alleged conduct violates the NJWHL (N.J.S.A. 34:11-56a, *et seq*.).

127. At all relevant times, Shimmick was subject to the NJWHL because Shimmick was (and is) an "employer" within the meaning of the NJWHL. *See* N.J.S.A. 34:11-56a1(g).

128. At all relevant times, Shimmick employed Ravenell and the other New Jersey Class Members as its covered "employees" within the meaning of the NJWHL. *See* N.J.S.A. 34:11-56a1(f) and (h).

129. The NJWHL requires employers, like Shimmick, to pay non-exempt employees, including Ravenell and the other New Jersey Class Members, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek. *See* N.J.S.A. 34:11-56a4(b).

130. Ravenell and the other New Jersey Class Members are entitled to overtime wages under the NJWHL.

131. Shimmick violated, and is violating, the NJWHL by employing non-exempt employees (Ravenell and the other New Jersey Class Members) for workweeks longer than 40 hours without paying such employees overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek. *See* N.J.S.A. 34:11-56a4(b).

132. Shimmick's unlawful conduct harmed Ravenell and the New Jersey Class Members by depriving them of the overtime wages they are owed.

133. Accordingly, Shimmick owes Ravenell and the other New Jersey Class Members the difference between the wages actually paid and the overtime wages

actually earned, which to-date, remains outstanding. *See* N.J.S.A. 34:11-56a25.

134. In violating the NJWHL, Shimmick acted willfully, without a good faith basis, and with reckless disregard of clearly applicable New Jersey law.

135. Thus, Shimmick is also liable to Ravenell and the other New Jersey Class Members for an additional amount equal to 200% of their unpaid wages as liquidated damages. *See* N.J.S.A. 34:11-56a25.

136. Finally, Ravenell and the other New Jersey Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action. *See* N.J.S.A. 34:11-56a25.

## JURY DEMAND

137. Ravenell demands a trial by jury on all Counts.

## RELIEF SOUGHT

WHEREFORE, Ravenell, individually and on behalf of the other Straight Time Employees, seeks the following relief:

a. An Order designating this lawsuit as a collective action and authorizing notice to the FLSA Collective Members allowing them to join this action by filing a written notice of consent;

b. An Order certifying this lawsuit as a class action pursuant to Fed. R. Civ. P. 23;

c. An Order appointing Ravenell and her counsel to represent the interests of the Straight Time Employees;

d. An Order finding Shimmick liable to Ravenell and the other FLSA Collective Members for all unpaid overtime wages owed under the FLSA, plus liquidated damages in an amount equal to their unpaid wages;

e. An Order finding Shimmick liable to Ravenell and the other New Jersey Class Members for their unpaid wages under the NJWHL, plus liquidated damages in an amount equal to 200%

of their unpaid wages;

f. A judgment against Shimmick awarding Ravenell and the other Straight Time Employees all their unpaid overtime wages, liquidated damages, treble damages, statutory damages, and any other penalties available under the FLSA, and NJWHL;

g. An Order awarding attorney's fees, costs, and expenses;

h. Pre- and post-judgment interest at the highest applicable rates; and

i. Such other and further relief as may be necessary and appropriate.

Date: January 21, 2026

Respectfully submitted,

*/s/ Laura L. Franklin*
Laura L. Franklin
**JOSEPHSON DUNLAP LLP**
*Counsel for* Ravenell *& the Straight Time Employees*

## DEMAND FOR JURY TRIAL

Ravenell hereby demands a jury trial on all claims and issues, as she and the other Straight Time Employees are entitled to a jury.

Date: January 21, 2026

Respectfully submitted,

*/s/Laura L. Franklin*
Laura L. Franklin
**JOSEPHSON DUNLAP LLP**
*Counsel for* Ravenell *& the Straight Time Employees*